**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION**

| | | |
|---|---|---|
| FHE USA LLC, | § § | |
| Plaintiff, | § § | Case No.: 6:18-cv-00913-RRS-CBW |
| v. | § § | **DEMAND FOR JURY TRIAL** |
| EXPRESS SUPPLY & RENTAL LLC, | § § | |
| Defendant. | § § § | |

**JOINT RULE 26(f) REPORT**

NOW INTO COURT, through the undersigned counsel, come Plaintiff, FHE USA LLC ("FHE"), and Defendant, Express Supply and Rental LLC ("ESR", and together with FHE, the "Parties"), who respectfully and jointly submit this Rule 26(f) Report, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Scheduling Order issued September 6, 2018.

| | |
|---|---|
| Trial Date: | January 6, 2020 |
| Pretrial Conference Date: | December 17, 2019 |
| Type of Trial (Bench or Jury): | Jury |
| Estimated Length of Trial: | 5 Days |

**1. Participants**:

On September 26, 2018, the Parties, through their respective counsel of record, conducted a conference pursuant to Rule 26(f)(1) of the Federal Rules of Civil Procedure. Participating on behalf of FHE were Douglas R. Nemec, Rachel R. Blitzer, and Tara R. Melillo of Skadden, Arps, Slate, Meagher & Flom LLP, and Brett P. Furr, John P. Murrill, and Caroline K. Darwin of Taylor, Porter, Brooks & Phillips LLP. Participating in the conference on behalf of ESR were Robert L. Waddell and Michael K. Leachman of Jones Walker LLP.

2. **Affirmation Regarding Initial Disclosures**:

Both Parties served their initial disclosures on September 27, 2018, in accordance with the Court's September 6, 2018 Scheduling Order.

3. **Jurisdictional Basis**:

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 35 U.S.C. § 281 because this is a matter arising under United States patent statutes, 35 U.S.C. § 1 *et seq*. Plaintiff is a Delaware corporation with a principal place of business in Fruita, Colorado. Defendant is a Louisiana limited liability company with its principal place of business in Broussard, Louisiana. Venue is proper pursuant to §§ 1391 and 1400(b) because ESR is subject to personal jurisdiction in this District, regularly conducts business in this District, and engages in the acts giving rise to FHE's claims in this District.

4. **Brief Description of Claims**:

   a. **FHE's Claims for Affirmative Relief**

ESR is infringing FHE's U.S. Patent Nos. 9,879,496 and 10,030,461 ("the Patents-in-Suit") through the manufacture and sale of its Quad Safety Latch. FHE is owed damages for ESR's past and current infringement, and ESR should be enjoined from any future commercialization of its infringing Quad Safety Latch.

FHE and ESR both manufacture and sell pressure control equipment for the oil and gas industry. FHE has spent years developing tools to improve safety at the wellhead site, including its marquee product, the RigLock®. FHE has protected its technological advances with a suite of patents, including the two Patents-in-Suit, which are directed to high-pressure seals for wellheads and claim a wedge-seal locking mechanism.

Earlier this year, FHE became aware of ESR's marketing of the Quad Safety Latch—a product designed to compete with the RigLock®. Based on publicly available information, the Quad Safety latch directly infringes the Patents-in-Suit because it employs the same wedge-seal mechanism that is claimed in the patents. To FHE's knowledge, ESR is aggressively marketing its infringing Quad Safety Latch, and appropriating sales from FHE by virtue of its infringement.

ESR is liable for the damages FHE has suffered, and ESR should be enjoined from any further commercialization of its Quad Safety Latch until the expiration of FHE's Patents-in-Suit.

b. **ESR's Response and Counterclaim for Affirmative Relief**

ERS denies that its Quad Safety Latch infringes the Patents-in-Suit. ESR's Quad Safety Latch employs a distinctly different internal mechanism to sealingly connect pressure control equipment to a wellhead. For example, ESR's Quad Safety Latch neither uses or includes a wedge assembly, an axial force to cause radial constriction of a wedge around an adaptor, nor a wedge surface for engagement with an adaptor slope surface as required by the claims of the Patents-in-Suit. Furthermore, prior art renders the claims of the Patent-in-Suit invalid for either lacking novelty or being obvious to one of ordinary skill in the art. For these reasons, ESR is not liable for any damages FHE has allegedly suffered. FHE is further not entitled to injunctive relief against ESR.

5. **Anticipated Amendments to Pleadings and Motions**:

The Parties anticipate amending their pleadings as may be necessary to join additional parties and supplement or amend claim(s) as they may be discovered.

6. **Anticipated Expert Witnesses**:

The Parties each anticipate engaging one technical expert and one damages expert. The Parties reserve all rights to retain additional experts as may be necessary to support their claims or to controvert the claims of any adverse party.

7. **Joint Proposed Discovery Plan**:

   a. **Joint Proposed Amendments to Scheduled Events**

The Scheduling Order currently includes entries for "Plaintiff's Expert Information/Reports" and "Defendant's Expert Information/Reports," occurring in that order. The Parties believe that a slight modification to these events is appropriate, because the Parties bear the burden of proof on different issues. Accordingly, the Parties propose that the first exchange of experts reports be "Expert Information/Reports on Issues for Which a Party Bears the Burden of Proof," and the second exchange of expert reports be, "Responsive Expert Information/Reports."

   b. **FHE's Proposed Amendments to Scheduled Events**

At the Parties' October 18, 2018 Status Conference with Magistrate Judge Carol Whitehurst (Dkt. 25), the Parties represented to the Court that a *Markman* hearing could be incorporated into the issued schedule (Dkt. 12) with minimal disruption.

However, following that Status Conference, ESR has now proposed eleven claim construction-related additions to the schedule, detailed below. While FHE is amenable to including a reasonable schedule for claim construction-related events, ESR's proposal includes a number of unnecessary events which will disrupt the discovery period and overburden the schedule. ESR states that its competing schedule is modeled after the Local Patent Rules in neighboring districts, but FHE's proposal is equally or more aligned with those rules and more in line with the Court's approach in prior patent cases. In particular, it is unnecessary to include

4

rounds of expert report exchanges in connection with claim construction briefing—which are in addition to the later rounds of expert briefing. To the extent the Parties desire to include expert opinions as part of their claim construction briefs, they may do so with expert declarations served with their briefs. Moreover, FHE's proposal to conduct the claim construction process slightly later in the fact discovery period allows the claim construction decision to be made based on a more complete record.

Accordingly, FHE proposes the following claim construction-related events be added to the schedule:

| Event | Current Schedule | Proposal |
|---|---|---|
| **Simultaneous Exchange of Proposed Terms for Construction** | | **2/15/19** |
| **Simultaneous Exchange of Preliminary Claim Constructions and Intrinsic and Extrinsic Evidence** | | **3/8/19** |
| **FHE's Opening Claim Construction Brief** | | **4/10/19** |
| **ESR's Responsive Claim Construction Brief** | | **5/1/19** |
| **FHE's Reply Claim Construction Brief** | | **5/15/19** |
| Expert Information/Reports on Issues for Which a Party Bears the Burden of Proof | 5/21/19 | |
| **Joint Claim Construction Chart** | | **5/31/19** |
| Responsive Expert Information/Reports | 6/20/19 | |
| Joinder/Amendment | 6/20/19 | |
| ***Markman* Hearing (exact date subject to the Court's schedule)** | | **7/1/19** |
| Discovery Deadline | 7/22/19 | |
| Dispositive Motions | 8/19/19 | |
| *Daubert* Motions | 8/19/19 | |
| Motions in Limine | 11/18/19 | |
| Meeting for Pretrial Order | 11/18/19 | |
| Joint Pretrial Order, Bench Books, and Deposition Designations | 12/3/19 | |

| Real Time Glossary | 12/10/19 | |
| Settlement Discussion Deadline | 12/10/19 | |
| Pretrial Conference | 12/17/19 | |
| Trial | 1/3/20 | |

c. **ESR's Proposed Amendments to Scheduled Events**

At the Parties' October 18, 2018 Status Conference with Magistrate Judge Carol Whitehurst (Dkt. 25), the Parties represented to the Court that a *Markman* hearing could be incorporated into the issued schedule (Dkt. 12) with minimal disruption. However, FHE has proposed an overly simplistic schedule which fails to account for numerous claim construction events that typically occur in patent cases. Moreover, FHE proposes a *Markman* hearing to be held only seven weeks prior to the existing dispositive motion deadline, affording the court little time to enter a claim construction order prior to the filing of dispositive motions.

ESR has proposed a schedule below which is modeled after jurisdictions which have local patent rules, such as the United States District Court for the Eastern District of Texas and the United States District Court Western District of Tennessee. In jurisdictions which have adopted local patent rules, it is typical for the court to hold a *Markman* hearing prior to the dispositive motion deadline to afford the court sufficient time to enter a claim construction order prior to the filing of dispositive motions. The local rules which provide for this sequence of events are designed to avoid the inefficiency and additional time and expense of having the parties, their experts, and the court address issues related to infringement and invalidity without the benefit of a claim construction order. Notably, many patent cases are often streamlined—on both issues relating to infringement and invalidity, such as the number of asserted claims, accused products, and prior art references—after a court issues a claim construction ruling. It is certainly not unheard of for patent cases to settle altogether following the issuance of a claim construction order.

Accordingly, ESR proposes the following claim construction-related events be added to the schedule:

| Event | Current Schedule | Proposal |
|---|---|---|
| **Simultaneous Exchange of Proposed Terms for Construction** | | **12/03/2018** |
| **Simultaneous Exchange of Preliminary Claim Constructions and Intrinsic and Extrinsic Evidence; Parties to disclose claim construction experts (if any)** | | **01/18/2019** |
| **Parties to file Joint Claim Construction and Prehearing Statement** | | **02/01/2019** |
| **Parties to exchange Initial Expert Claim Construction Reports (if any)** | | **02/08/2019** |
| **Parties to exchange Rebuttal Expert Claim Construction Reports (if any)** | | **02/22/2019** |
| **Discovery deadline for Claim Construction Discovery** | | **03/08/2019** |
| **Plaintiff files and serves Claim Construction Opening Brief with supporting evidence and expert testimony (if any)** | | **03/22/2019** |
| **Defendant files and serves Responsive Claim Construction Brief and supporting evidence and expert testimony (if any)** | | **04/19/2019** |
| **Plaintiff files and serves Reply Claim Construction Brief and supporting evidence** | | **05/03/2019** |
| **Claim Construction (Markman) Hearing at 9:00 a.m. in Lafayette, La.** | | **05/15/2019 (suggested)** |
| **Status Conference, to discuss status of the litigation and possibility of mediation** | | ***within 30 Days of Court's Claim Construction Ruling* |
| Expert Information/Reports on Issues for Which a Party Bears the Burden of Proof | 5/21/19 | |
| Responsive Expert Information/Reports | 6/20/19 | |
| Joinder/Amendment | 6/20/19 | |
| Discovery Deadline | 7/22/19 | |

| | | |
|---|---|---|
| Dispositive Motions | 8/19/19 | |
| *Daubert* Motions | 8/19/19 | |
| Motions in Limine | 11/18/19 | |
| Meeting for Pretrial Order | 11/18/19 | |
| Joint Pretrial Order, Bench Books, and Deposition Designations | 12/3/19 | |
| Real Time Glossary | 12/10/19 | |
| Settlement Discussion Deadline | 12/10/19 | |
| Pretrial Conference | 12/17/19 | |
| Trial | 1/3/20 | |

**(1)** **Exchange of Proposed Terms for Construction:**

    (a)    *Identification of Claim Terms to be Construed.* By **December 3, 2018**, each Party shall serve on the other a list of claim terms that the Party contends should be construed by the Court and identify any claim terms that the Party contends should be governed by 35 U.S.C. §112, ¶6.

    (b)    *Meet and Confer*. The Parties shall thereafter meet and confer for the purposes of limiting the terms in dispute by narrowing or resolving differences and facilitating the ultimate preparation of a Joint Claim Construction and Pre-hearing Statement.

**(2)** **Exchange of Preliminary Constructions and Evidence; Identification of Claim Construction Experts:**

    (a)    *Preliminary Claim Constructions*. By **January 18, 2019**, the Parties shall simultaneously exchange Preliminary Proposed Constructions of each term identified by any Party for claim construction and identify the identity of any expert witness, and for each expert,. Each such Preliminary Claim Construction shall also, for each term that any Party contends is governed

8

by 35 U.S.C. § 112, ¶6, identify the structure(s), act(s), or material(s) corresponding to that term's function.

(b) *Supporting Materials*. At the same time the Parties exchange their respective Preliminary Claim Constructions, each Party shall also identify all references from the specification or prosecution history that support its preliminary proposed construction and designate any supporting extrinsic evidence, including, without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of all witnesses, including expert witnesses. Extrinsic evidence shall be identified by production number or by producing a copy if not previously produced. The Parties shall further identify any fact witness, including a brief description of the subject matter of each witness' anticipated testimony.

(c) *Identification of Expert Witnesses on Claim Construction.* By **January 18, 2019**, the Parties shall identify any expert witness it intends to rely upon on issues of claim construction and produce a copy of the expert's curriculum vitae.

**(3) Joint Claim Construction and Prehearing Statement:**

(a) By **February 1, 2019**, the Parties shall complete and file a Joint Claim Construction and Prehearing Statement, which shall contain the following information:

(a) The construction of those terms on which the Parties agree;

(b) Each Party's proposed construction of each disputed term, together with an identification of all references from the intrinsic evidence that supports that

construction, and an identification of any extrinsic evidence known to the Party on which it intends to rely either to support its proposed construction or to oppose any other Party's proposed construction, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of all fact witnesses;

(c) An identification of the terms that each Party contends (i) would require a disposition of the case in its favor and/or (ii) will be substantially conducive to promoting settlement. For any such terms, each Party shall also include a brief statement, not to exceed one page, supporting or refuting the contention that the construction of those terms will be dispositive or promote settlement. The Court may, at its option, solicit additional briefing regarding the dispositive nature of any terms prior to the Claim Construction Hearing or upon issuing its claim constructions.

(d) The anticipated length of time necessary for the Claim Construction Hearing; and

(e) A list of any other issues which might appropriately be taken up at a prehearing conference prior to the Claim Construction Hearing, and proposed dates, if not previously set, for any such prehearing conference.

**(4) Claim Construction Discovery:**

(a) *Initial Expert Claim Construction Reports*. By **February 8, 2019**, any Party planning to use an expert witness at the Claim Construction Hearing shall, for each expert, provide a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert.

    (b)    *Rebuttal Expert Claim Construction Reports*. By **February 22, 2019**, any Party planning to use a rebuttal expert witness at the Claim Construction Hearing shall identify that witness and produce a copy of the expert's curriculum vitae and any expert report or declaration the Party intends to rely upon.

    (c)    *Completion of Expert Discovery*. By **March 8, 2019**, the Parties shall complete any depositions of any experts identified in this Paragraph.

**(5)    Claim Construction Briefs:**

    (a)    *Plaintiff's Opening Claim Construction*. By **March 22, 2019**, Plaintiff shall file and serve its Opening Claim Construction Brief and any evidence supporting claim construction, including expert witness certifications or declarations.

    (b)    *Defendant's Responsive Claim Construction Brief*. By **April 19, 2019**, Defendant shall file and serve Responsive Claim Construction Briefs and any evidence supporting claim construction, including any responding experts' certifications or declarations.

    (c)    *Plaintiff's Reply Claim Construction Brief*. By **May 3, 2019**, Plaintiff shall file and serve a Reply Claim Construction Brief, if any.

    (d)    *Length*. Without prior approval of the Court, all memoranda related to Claim Construction Briefs shall be limited to 25 pages. Appendices of evidentiary, statutory, or other materials are excluded from these page limitations and may be bound separately from the memorandum.

**(6)     Claim Construction Hearing:**

Subject to the convenience of the Court's calendar, the Court shall conduct a Claim Construction Hearing by **May 15, 2019**.  Prior to the Claim Construction Hearing, the Parties shall contact the Court to make arrangements for any use of courtroom technology, such as demonstrations, PowerPoint® presentations, or evidence presentation programs. At the Claim Construction Hearing, the Parties shall submit the best available specimens of patented technology and allegedly infringing activity (e.g. products, schematics, photos, product information sheets).

**(7)     Claim Construction Ruling:**

The Parties request the Court make its Claim Construction Ruling within 30 days of the Claim Construction Hearing.  Expert witness disclosures other than with respect to claim construction testimony, and discovery relating to such disclosures, shall not commence until thirty (30) days following entry of the Claim Construction Ruling.

**(8)     Status Conference:**

The Parties shall appear for a Status Conference (in person or telephonically, at the option of the Court) within 30 days after the Court's Claim Construction Ruling.

In addition to updating the Court regarding the status of the pending litigation, each Party shall inform the Court whether mediation of the dispute is appropriate during the Status Conference.

**8.  Stipulations**

The Parties will produce electronically stored information ("ESI") in an agreed format, as set forth in the attached "Document Production Format Agreement."

The Parties stipulate to the attached "Stipulated Protective Order."

The Parties agree that the following fields of privilege logs may be populated electronically with an electronic document's already-existing metadata: custodian, document type (e.g., email, Word document, Excel spreadsheet, etc.), date last modified or sent, file name, and, if an email or email chain, the author and addressees in the most recent email. The Parties reserve the right to demand that identified entries on the opposing Party's log be described with further detail.

9. **Major Issues of Fact and Law in Dispute**:

    a. Whether ESR infringes U.S. Patent No. 9,879,496.

    b. Whether U.S. Patent No. 9,879,496 is valid.

    c. Whether ESR infringes U.S. Patent No. 10,030,461.

    d. Whether U.S. Patent No. 9,879,496 is valid.

    e. Whether ESR's alleged infringement was willful.

    f. The amount of damages owed to FHE due to ESR's alleged infringement.

    g. Whether ESR's manufacture and sale of the Quad Safety Latch should be enjoined.

    h. Whether this case is exceptional under 35 U.S.C. § 285 entitling FHE or ESR to an award of its attorneys' fees, expenses, and costs incurred in this action.

10. **Related Case Information**:

    FHE has also asserted the Patents-in-Suit in *FHE USA LLC v. Lee Specialties Inc.*, Case No. 5:18-cv-00715 (W.D. Tex.).

11. **Alternative Dispute Resolution (ADR)**:

    The Parties do not currently anticipate that the issues in this case will be resolved through mediation, but may be amendable to such mediation after discovery has been completed. The Parties do not agree to arbitration.

**12. Consent Trials**:

The parties do not consent to trial by Magistrate Judge.

**13. Electronic Courtroom**:

The Parties agree to deliver documents by electronic means to the courtroom deputy in accordance with any instructions of the Court.

**14. Electronically Generated Exhibits or Aids**:

The Parties anticipate the use of electronically generated Exhibits or Aids at trial.

**15. Phase II Discovery**:

The Scheduling Order in this case does not provide for Phase II Discovery.

**16. Handicap Provisions**:

The Parties do not anticipate the need for handicap accommodations.

**17. Certification**:

The undersigned hereby certify that the foregoing is accurate and complete.


Dated: October 25, 2018                    Respectfully submitted,

/s/ *John P. Murrill*                      /s/ *Robert L. Waddell*

BRETT P. FURR                              ROBERT L. WADDELL
*brett.furr@taylorporter.com*              State Bar No. 23586
La. Bar Roll No. 17572                     *rwaddell@joneswalker.com*
JOHN P. MURRILL                            **JONES WALKER LLP**
*john.murrill@taylorporter.com*            600 Jefferson Street, Suite 1600
La. Bar Roll No. 23878                     Lafayette, LA 70501
CAROLINE K. DARWIN                         Telephone: (337) 593-7600
*caroline.darwin@taylorporter.com*         Fax: (337) 593-7601
La. Bar Roll No. 37651
**TAYLOR, PORTER, BROOKS**                 MICHAEL K. LEACHMAN
    **& PHILLIPS LLP**                     State Bar No. 30158
8th Floor                                  *mleachman@joneswalker.com*
450 Laurel Street (70801)                  **JONES WALKER LLP**
Post Office Box 2471                       Four United Plaza
Baton Rouge, Louisiana 70821               8555 United Plaza Boulevard
Telephone: (225) 387-3221                  Baton Rouge, LA 70809
Facsimile: (225) 346-8049                  Telephone: (225) 248-2420
                                           Fax: (225) 248-3120
DOUGLAS R. NEMEC
*douglas.nemec@skadden.com*                *Attorneys for Defendant*
RACHEL R. BLITZER                          *Express Supply and Rental, LLC*
*rachel.blitzer@skadden.com*
TARA R. MELILLO
*tara.melillo@skadden.com*
(foregoing attorneys admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,**
    **MEAGHER & FLOM LLP**
Four Times Square
New York, NY 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

*Attorneys for Plaintiff*
*FHE USA LLC*